*(Supreme Court, General Term, Third Department.   December 11, 1889.)* ·

CHANGE OF VENUE—MOVING AFFIDAVIT.
   An affidavit on a motion to change the place of trial for convenience of witnesses need not state how affiant knows that the witnesses will testify as therein set forth.

Appeal from special term, Albany county.

Action by Lizzie Myers against the Village of Lansingburgh for personal injuries alleged to have been sustained by plaintiff by falling on a sidewalk in defendant village. Defendant moved to change the place of trial for convenience of witnesses. The motion was granted, and plaintiff appeals.

Argued before LEARNED, P. J., and LANDON and FISH, JJ.

*Doyle & Fitts*, for appellant.   *A. C. Comstock*, for respondent.

LANDON, J.   Upon the merits the order appealed from appears to be right. The moving affidavit does not show how the affiant was able to state that the several persons named as necessary witnesses could testify as set forth in the affidavit, and the appellant insists that under *Kelly* v. *Maltham*, 2 Wkly. Dig. 173, this omission is a fatal defect. The rule intimated in the case cited is more stringent than we usually exact. *Carpenter* v. *Insurance Co.*, 31 Hun, 78. The requisite formalities as specified in the case last cited, including an affidavit of merits, being observed, the main test of such motions is, what does sound discretion require? Where this is not obvious, a critical inspection of the affidavits may test the good faith in which they are made. A full report of *Kelly* v. *Maltham* would probably show that the affidavit criticised was not free from suspicion. Order affirmed, with costs.

FISH, J., concurs.   LEARNED, P. J., takes no part.

---

### JARRARD *v.* BISSELL *et al.*

*(Supreme Court, General Term, Third Department.   December 11, 1889.)·*

APPEAL—REVIEW—WEIGHT OF EVIDENCE.
   Where, in a trial by the court, the testimony is doubtful or conflicting, but the findings are within the evidence, the judgment will not be disturbed.

Appeal from special term, Clinton county.

Action by John Jarrard against Randal M. Bissell and Nathan Lapham, to recover on a contract for freight of a cargo of potatoes transported on plaintiff's canal-boat. On trial by the court, there was judgment for plaintiff, after allowing defendants' counter-claim of non-delivery, from which judgment, and the order of the court denying a motion to dismiss the counter-claim, plaintiff appeals.

Argued before LEARNED, P. J., and LANDON, J.

*Peter S. Carter*, for appellant.  *J. Homer Hildreth*, for respondents.

LANDON, J.  The plaintiff sued to recover the balance upon the contract price for freight of a cargo of potatoes received by him from the defendants upon his canal-boat at Port Jackson, Clinton county, and transported to New York, and delivered to the defendants' consignee there. The case was tried by the court without a jury. The main question was whether the plaintiff delivered all the potatoes he received. The court made allowance for shrinkage, and found that he delivered 56 barrels less than he received, and charged him with the value thereof. The testimony is not as satisfactory as to the amount received as could be desired, and the trial court was oppressed with this circumstance. We must affirm the findings of fact, because they are within the evidence, and we cannot see that they are wrong. Of course, if the plaintiff did not deliver all the cargo he received and agreed to deliver, he must excuse himself or pay for the deficit. No error of law to the prejudice of the plaintiff was committed. Judgment affirmed, with costs.